IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20309
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE HERNANDEZ-BENAVIDEZ,
also known as Jose Hernandez Benavidez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-677-1
--------------------
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

In this appeal following his guilty-plea conviction for illegally reentering the United States after having been deported, Jose Hernandez-Benavidez challenges the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b). He argues that use of his prior aggravated-felony conviction to enhance his sentence violates due process, the "jury guarantees" of the Sixth Amendment, his right to indictment by a grand jury, his protection from double jeopardy, and his right to a unanimous

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jury verdict on each element of the offense.  Because Hernandez-Benavidez failed to raise his challenge in the district court, our review is for plain error.  See United States v. Meshack, 225 F.3d 556, 575 (5th Cir.), cert. denied, 121 S. Ct. 834 (2001).

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that a prior felony conviction under § 1326(b)(2) was merely a sentencing factor and thus need not be included in the indictment.  In light of the clear precedent in Almendarez-Torres, Hernandez-Benavidez has failed to show error, plain or otherwise, in his indictment or sentence.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), petition for cert. filed, (U.S. Jan. 26, 2001) (No. 00-8299).

AFFIRMED.